# EXHIBIT A

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

JOSEPH MICHAEL ARPAIO

            Plaintiff

v.

KAMALA HARRIS

And

JOSEPH ROBINETTE BIDEN JR.

And

HARRIS FOR PRESIDENT
f/k/a BIDEN FOR PRESIDENT, INC.

            Defendant.

Case Number:   24-CA-005548

## AMENDED COMPLAINT

Plaintiff, Joseph Michael Arpaio ("Plaintiff Arpaio") hereby files this Amended Complaint against Kamala Harris ("Ms. Harris") Joseph Robinette Biden, Jr. ("Mr. Biden") and Harris For President, f/k/a Biden for President, Inc. (the "Campaign") for Defamation, Defamation by Implication, and Defamation Per Se.

### JURISDICTION AND VENUE

1. This is an action for damages in excessive of $30,000.00 exclusive of interest, costs and attorney's fees.

2. Venue for this action is properly Hillsborough County, Florida, as the cause of actions pled below arose and were perpetrated and viewed in this Circuit and the County of Hillsborough. The Campaign has an office in Hillsborough County, Florida and the defamatory

1

statements at issue were made by the Campaign at the direction of Ms. Harris and Mr. Biden and directed at the state of Florida, which is one of the most important states in determining the outcome of the 2024 Presidential election.

## THE PARTIES

3.  Plaintiff Arpaio is an individual and a citizen and resident of Arizona.

4.  Ms. Harris is an individual and the current Vice-President of the United States of America. She is currently the Democratic candidate in the 2024 Presidential election.

5.  Mr. Biden is an individual and the current President of the United States of America. He was previously running for re-election in the 2024 Presidential election but dropped out of the race on or about July 21, 2024.

6.  The Campaign is incorporated in the state of Delaware and was previously Joe Biden's campaign for president in 2024. When Mr. Biden dropped out, the Campaign renamed itself as "Harris for President" and became Ms. Harris' campaign for president in 2024.[1] The Campaign has physical offices in Hillsborough County, Florida and does substantial business in this judicial circuit, as Hillsborough County is one of most important counties in Florida to determine whether Mr. Biden wins Florida in the 2024 Presidential election. Ms. Harris assumed control of all of the funds previously raised by the Campaign for Mr. Biden.[2]

## STANDING

7.  Plaintiff Arpaio has standing to bring this action because he has been directly affected and victimized by the unlawful conduct complained herein which occurred and the defamatory statements at issue were widely published and accessed by numerous third-party individuals in Florida, and specifically in this judicial circuit.

---

[1] https://www.cnn.com/2024/07/21/politics/fec-biden-harris-campaign-account/index.html
[2] *Id.*

## FACTS

8. Plaintiff Arpaio is a long-time, accomplished and distinguished member of the law enforcement community who served as a Washington, D.C. and Las Vegas, Nevada police officer following his honorable army discharge in 1953.

9. In November of 1957, Plaintiff Arpaio was appointed as a special agent with the Federal Bureau of Narcotics, which later became part of the U.S. Drug Enforcement Administration ("DEA"), which is headquartered in Washington, D.C.

10. Plaintiff Arpaio lived in Mexico for many years, where he served as a Regional Director for the DEA and diplomatic attaché and was even recognized in the history of the U.S. Senate after he "praised the hard work of Mexican judges and public security elements in their fight against drug trafficking," according to the parliamentary session of June 1, 1970.

11. Plaintiff Arpaio served thirty-four (34) years as a top law enforcement official in Mexico and the U.S.-Mexican border area. When serving as the Regional Director for the DEA, while living in Mexico, Plaintiff Arpaio had numerous meetings with presidents and top officials, and he earned many awards by the U.S. and Mexican governments for his service.

12. Plaintiff Arpaio championed the cause to stop the illegal drug trade, illegal immigration and crime coming across the U.S. border. He fought the illegal drug trafficking and immigration problems on *both* sides of the border and received many threats from drug cartels.

13. Indeed, in 1989, Plaintiff Arpaio testified in Washington, D.C. before then-Senator, Joe Biden, when he was Chairman of the Judiciary Committee. Then-senator Joe Biden praised Plaintiff Arpaio for his achievements fighting the drug trafficking in foreign countries, including Mexico.

14. Following his career with the DEA, Plaintiff Arpaio was elected Sheriff of

Maricopa County, Arizona in 1993. He held that position for almost twenty-five (25) years or until January 1, 2017.

15. Plaintiff Arpaio is currently running for mayor of Fountain Hills, Arizona.

16. On June 6, 2024, the Campaign's "Official Rapid Response Page" on Twitter at that time, @BidenHQ, posted a video with the caption "Trump trae al escenario a Joe Arpaio, un criminal convicto que fue perdonado por Trump después de que perfiló racialmente y abusó de inmigrantes." This is translated by Google Translate into the following:

> Trump brings to the stage Joe Arpaio**, a convicted felon** who was pardoned by Trump after he racially profiled and abused immigrants (emphasis added). Exhibit 1.

17. In this post, the defamatory caption was accompanied by a video of Donald Trump at a campaign event where he introduced Plaintiff Arpaio to the crowd.

18. This post was therefore understood by English speaking viewers as calling Mr. Arpaio a "convicted felon," given that English speaking viewers of this post would need to rely upon translation software to understand what the caption was saying.

19. This is proven through the fact that this defamatory post has predictably republished by numerous anti-Trump Twitter accounts, including Republicans against Trump (nearly 455,000 views) with the caption "Convicted felon Donald Trump after kissing **convicted felon Joe Arpaio**: 'I don't kiss men, but I kissed him'" (emphasis added) as well as Republican Voters Against Trump (nearly 28,000 views) with the caption: "Donald Trump brings **convicted felon Joe Arpaio**, who he pardoned, on stage at his event in Arizona: 'I don't kiss men, but I kissed him.'" (emphasis added). This post was viewed by persons and entities in this Circuit as well.

20. This defamatory post was posted on the Campaign's Twitter page, at the direction

4

of the Defendants. As of the time of writing, this defamatory post was viewed nearly 26,000 times, including by individuals located in Hillsborough County, Florida.

21. Thus, the intent behind this post was to (1) try to affect the 2024 Presidential election, and specifically to try to win Florida, by falsely associating Trump with a "convicted felon" and (2) to harm Plaintiff Arpaio's reputation.

22. This post was directed at Florida voters as a form of election interference, and in particular at voters in Hillsborough County, which is one of the most important counties in deciding whether Florida's electoral votes will go to Biden or Trump in the 2024 Presidential election. This is why Defendants chose Hillsborough County to place their Florida campaign office.

23. This post is false, malicious, and defamatory because (1) Plaintiff Arpaio has never been convicted of a felony and (2) Plaintiff Arpaio has never been found to have "abused immigrants."

24. Plaintiff Arpaio was convicted of contempt of court, a misdemeanor, in 2017 and was subsequently pardoned by Donald Trump, which could not be more different than being a "convicted felon."

25. Falsely labeling someone as a convicted felon, when they were simply found liable for a misdemeanor for contempt of court is extremely harmful to their reputation, and indeed, this false statement was intended to and did severely harm Plaintiff Arpaio's chance of success in his mayoral election.

26. Defendants acted with actual malice because it has been widely reported that Plaintiff Arpaio's conviction was only for contempt of court and was only a misdemeanor. A google search of "Sheriff Arpaio" and "conviction" will prove that this is the case. And, of

5

course, this is a matter of public record. Thus, Defendants acted with actual knowledge of the falsity of their statement, or at a bare minimum, reckless disregard for the truth.

27. As ruled recently by the U.S. Supreme Court in *Trump v. United States*, 23-939, there is no absolute immunity for unofficial acts, such as defamation. "The President [Biden] enjoys no immunity for his unofficial acts, and not everything the President does is official. The President is not above the law."

28. The harm caused by the defamatory Twitter post at issue was amplified by the fact that on or around August 24, 2023, while speaking at the UnidosUS annual conference, Ms. Harris made the following false, malicious, and defamatory statement of and concerning Mr. Arpaio: "[a]cross our nation, extremist so-called leaders demonize, target, and attack immigrants."

29. This false, malicious, and defamatory statement was broadcasted into this judicial circuit and viewed by multiple persons residing in this judicial circuit.

30. This false, malicious, and defamatory statement was understood to be of and concerning Mr. Arpaio, who has in the past, falsely been accused of targeting immigrants while serving as the Sheriff of Maricopa County, Arizona. These false allegations were widely reported on and published and accessed in this Circuit and have severely harmed Mr. Arpaio financially as well as his goodwill and reputation, which harm has been exponentially amplified by Ms. Harris using her platform as Vice President of the United States to continue to spread these false, defamatory statements.

### First Cause of Action
*Defamation*

31.     Plaintiff Arpaio repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if full set forth herein again at length.

32.     Defendants, each and every one of them, published malicious, false, misleading and defamatory statements of and concerning Plaintiff Arpaio in this judicial circuit, nationwide and worldwide.

33.     These defamatory statements were published, opened, read and viewed by third parties in this judicial circuit.

34.     Defendants, each and every one of them, made the false statements of fact of and concerning Plaintiff Arpaio when they published that Plaintiff Arpaio is a "convicted felon" who "abused immigrants" and a "extremist so-called leader…[who] demonize, target, and attack immigrants."

35.     Defendants, each and every one of them, published these false and misleading statements with actual malice, as they knew or had reason to know that they were false and misleading, or at a minimum acted with a reckless disregard for the truth.

36.     Plaintiff Arpaio has been severely harmed and damaged by these false and misleading statements because they have subjected him to hatred, distrust, ridicule, contempt and disgrace.

37.     Plaintiff Arpaio has been damaged by these false and misleading statements because they severely injured him in his profession and businesses, as well as severely injured and damaged him personally, financially, and politically, since he may run for Fountain Hills, Arizona Mayor in 2024, and in terms of his good will and reputation.

**Second Cause of Action**
*Defamation Per Se*

7

38. Plaintiff Arpaio repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

39. Defendants, each and every one of them, published false, misleading and defamatory statements to severely harm and damage Plaintiff Arpaio, which published false statements evidence characteristics or a condition incompatible with the proper exercise of his lawful business, trade, profession or office, as well as personally.

40. These defamatory statements were published, opened, read and viewed by third parties in this judicial circuit.

41. Defendants, each and every one of them, published the false statements of fact of and concerning Plaintiff Arpaio when they published that Plaintiff Arpaio is a "convicted felon" who "abused immigrants" and a "extremist so-called leader…[who] demonize, target, and attack immigrants."

42. These false, misleading and defamatory statements were published in this judicial circuit and elsewhere, domestically and internationally for the entire world to hear and in so doing, Defendants published false and misleading facts that Plaintiff Arpaio's conduct, characteristics or a condition are incompatible with the proper exercise of his lawful business, trade, profession or office, as well as personally.

43. These false and misleading statements were published with actual malice, as Defendants knew that their statements were false and misleading and/or at a minimum acted with a reckless disregard for the truth.

44. A statement is defamatory per se "if, when considered alone without innuendo: (1) it charges that a person has committed an infamous crime; (2) it charges a person with having

8

an infectious disease or moral turpitude; (3) it tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; or (4) it tends to injure one in his trade or profession." *Richard v. Gray*, 62 So.2d 597, 598 (Fla. 1953).

45. Defamation per se gives rise to the presumption that severe harm and damage have arisen by virtue of the malicious, false and misleading statements.

46. When a statement is defamatory per se, damages are presumed. *Matthews v. Deland State Bank*, 334 So.2d 164, 166 (Fla. Dist. Ct. App. 1976).

47. These malicious, false, misleading and defamatory statements are defamatory per se and these false and misleading statements severely damaged Plaintiff Arpaio in his profession as a former Sheriff, Regional Director for the DEA, mayoral candidate, and general expert on border control. Plaintiff Arpaio's reputation and good will were damaged as was his financial well-being and ability to earn a living for himself and his family.

### Third Cause of Action
*Defamation by Implication*

48. Plaintiff Arpaio repeats and re-alleges all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

49. Defendants, each and every one of them, published malicious, false, misleading and defamatory statements of and concerning Plaintiff Arpaio in this judicial circuit, nationwide and worldwide.

50. These defamatory statements were published, opened, read and viewed by third parties in this judicial circuit.

51. Defendants, each and every one of them, made false statements of fact of and concerning Plaintiff Arpaio when they published that Plaintiff Arpaio is a "convicted felon" who

9

"abused immigrants" and a "extremist so-called leader…[who] demonize, target, and attack immigrants."

52. These false and misleading statements were published with actual malice, as Defendants knew that his statements were false and misleading and/or at a minimum acted with a reckless disregard for the truth.

53. Defamation by Implication is recognized under Florida law. " . . . it also works in reverse, to impose liability upon the defendant who has the details right but the 'gist' wrong." Simply put, "if the defendant juxtaposes a series of facts so as to imply a defamatory connection between them, or creates a defamatory implication by omitting facts, he may be held responsible for the defamatory implication, unless it qualifies as an opinion, even though the particular facts are correct. *Jews for Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1108 (Fla. 2008).

54. These malicious, false, misleading and defamatory statements severely harmed and damaged Plaintiff Arpaio in his profession and personally. Plaintiff Arpaio's reputation and good will were damaged as was his financial well-being to earn a living for himself and his family.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Arpaio prays for judgment against Defendants as follows:

a) Awarding Plaintiff Arpaio compensatory damages including actual, consequential, incidental for malicious and tortious conduct, in an amount to be determined by a jury at trial in an amount in excess of $7,000,000 including costs, which damage was caused to Plaintiff Arpaio's personal and professional reputation and good will in his trades and professions, as well as past and prospective financial losses, both personally and professionally.

b) Plaintiff Arpaio will also move for punitive damages at the appropriate date.

      c)      Granting such other relief as the Court deems appropriate and necessary.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS AND ALLEGATIONS SO TRIABLE.**

Dated: October 2, 2024                          Respectfully Submitted,

                                                         */s/ Larry Klayman*
                                              Larry Klayman, Esq.
                                              Freedom Watch, Inc.
                                              FL Bar No. 246220
                                              7050 W. Palmetto Park Road
                                              Boca Raton, FL, 33433
                                              Telephone: (561) 558 - 5336
                                              Email: leklayman@gmail.com

                                              *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Larry Klayman, hereby certify that on this day, October 2, 2024 a copy of the foregoing was served upon all parties and/or counsel of record through email.

                                              */s/ Larry Klayman*
                                                 Larry Klayman



**Biden-Harris HQ** ✓
@BidenHQ

Trump trae al escenario a Joe Arpaio, un criminal convicto que fue perdonado por Trump después de que perfiló racialmente y abusó de inmigrantes

Translate post



6:37 PM · Jun 6, 2024 · **25.8K** Views

**136** Reposts    **3** Quotes    **257** Likes    **4** Bookmarks

