UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH MICHAEL ARPAIO,

    Plaintiff,

v.                                                Case No: 8:24-cv-2647-CEH-NHA

KAMALA HARRIS, JOSEPH
ROBINETTE BIDEN, JR. and
HARRIS FOR PRESIDENT,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court on the Government's Motion to Substitute the United States as Defendant (Doc. 2). In the motion, the Government requests an order substituting the United States as party defendant in place of Defendant Kamala Harris based on the Government's certification that Kamala Harris was an employee of the United States acting within the scope of her federal office or employment as Vice President of the United States for purposes of Plaintiff's claims against her. Plaintiff filed a response in opposition. Doc. 30. Also pending is a motion by the Government seeking to file a reply. Doc. 32. The Court, having considered the motion and being fully advised in the premises, will deny the request to file a reply and grant the Government's Motion to Substitute the United States in place of Ms. Harris.

## DISCUSSION

In July 2024, Plaintiff Joseph Michael Arpaio initiated a lawsuit in state court against former President Joseph Biden and the Biden for President Campaign, Inc. Doc. 1-3 at 5. In an Amended Complaint dated October 2, 2024, Plaintiff added as defendants former Vice President Kamala Harris ("Ms. Harris") and Harris for President f/k/a Biden for President, Inc. ("the Campaign") Doc. 1-1. Plaintiff's Amended Complaint raises purely state law causes of action for defamation, defamation *per se*, and defamation by implication. *Id.* On November 13, 2024, the Government filed a Notice of Removal to remove the action from state court to this Court under 28 U.S.C. §§ 1442(a)(1), 2679(d)(2) and Local Rule 1.06. Doc. 1.

Before the Court is the Government's Motion to Substitute the United States as a party Defendant (Doc. 2), which the Plaintiff opposes (Doc. 30). The Government attaches to its motion a Westfall Act Certification certifying that based on the allegations of the amended complaint against Ms. Harris, she was within the scope of her federal office or employment as the Vice President of the United States at the time of the incidents out of which Plaintiff's claims arose. Doc. 2-1.

The Westfall Act provides, in relevant part, that a civil action against the United States for money damages for personal injury or death caused by the negligent or wrongful act or omission of an employee of the United States while acting within the scope of his or her office or employment, pursuant to the FTCA, is the exclusive remedy for any action for money damages by reason of the same subject matter against such employee whose act or omission gave rise to the claim. 28 U.S.C. § 2679(b)(1).

2

The purpose of the Westfall Act is to "protect Federal employees from personal liability for common law torts committed within the scope of their employment, while providing persons injured by the common law torts of Federal employees with an appropriate remedy against the United States." Westfall Act, Pub. L. No. 100-694, § 2(b), 102 Stat. 4563 (1988). To that end, the Westfall Act allows the United States Attorney General to certify that a defendant federal employee was acting within the scope of his or her office or employment at the time of the incident out of which the claim arose, which thereby allows the United States to be substituted for the federal employee in a lawsuit for such action. 28 U.S.C. § 2679(d)(1).

In response in opposition, Plaintiff argues that Ms. Harris was engaged in campaigning for President and thus her statements were not conducted in the course of her federal employment and the Government should therefore not be substituted as Defendant.

"Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court *shall* be deemed an action against the United States under the provisions of this title and all references thereto, and the United States *shall* be substituted as the party defendant." 28 U.S.C. § 2679(d)(1) (emphasis added). Accordingly, the Government's motion is due to be granted. However, the Attorney General's certification is subject to judicial review and does not conclusively establish that the United States' substitution as the defendant is proper. *Gutierrez de Martinez v.*

3

*Lamango*, 515 U.S. 417, 434 (1995); *see also S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1542 (11th Cir. 1990), *amended by*, 924 F.2d 1555 (11th Cir. 1991).

The Westfall Act is construed to allow a plaintiff to present to the district court any objections regarding the Attorney General's scope of employment certification. *Gutierrez de Martinez,* 515 U.S. at 436–37. If a plaintiff challenges the scope of employment certification, the district court must review such certification *de novo. See Flohr v. Mackovjak*, 84 F.3d 386, 390 (11th Cir. 1996). "The question of whether an employee's conduct was within the scope of his employment 'is governed by the law of the state where the incident occurred.'" *Id.* (quoting *S.J. & W. Ranch, Inc.*, 913 F.2d at 1542).

In the course of the district court's *de novo* review, a certification serves as *prima facie* evidence that the employee was acting within the scope of his or her employment when the incidents occurred. *Id.* Following the Attorney General's certification, the plaintiff carries the burden of proving that the employee acted outside the scope of his or her employment. *Id.* (quoting *S.J. & W. Ranch, Inc.*, 913 F.2d at 1543). "In conducting this *de novo* review, 'the question of whether a given act falls within the scope of employment is highly fact-specific, and turns on the unique circumstances of the case at bar.'" *Hendrix v. Snow*, 170 F. App'x 68, 82 (11th Cir. 2006) (quoting *Bennett v. United States*, 102 F.3d 486, 489 (11th Cir. 1996)) (internal alterations omitted). Significantly, the Supreme Court has explained that the United States "must remain the federal defendant in the action unless and until the District Court determines that

4

the employee, *in fact*, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment." *Osborn v. Haley*, 549 U.S. 225, 231 (2007) (emphasis in original).

The allegation at issue regarding Ms. Harris pertains to a statement she made at a UnidosUS annual conference in 2023, at least a year before she announced her candidacy for President. Moreover, Plaintiff alleges that "Ms. Harris us[ed] her platform as Vice President of the United States to continue to spread these false, defamatory statements." Doc. 1-1 ¶ 30. Thus, by Plaintiff's own allegations, the statement was made in the course of Ms. Harris' federal employment as Vice President. Plaintiff's response to the motion raises no new factual allegations.[1]

The Government has requested leave to file a 10-page reply to further explain how Ms. Harris was acting within the scope of her employment as Vice President while at the conference. The Court needs no further briefing in order to rule on the instant motion. On the record before it, the motion is due to be granted. It is hereby

**ORDERED**:

1. The Government's Motion to Substitute the United States as Defendant (Doc. 2) is **GRANTED**.

---

[1] Plaintiff cites caselaw for the proposition that "when a sitting President solicits donations at a fundraiser for his re-election campaign, fires a campaign pollster or hires a new one, or gives a speech at a party convention accepting the party's nomination, it is straightforward to conclude that he acts in an unofficial capacity as presidential candidate rather than an official capacity as incumbent President." Doc. 30 at 3 (citing *Blassingame v. Trump*, 463 U.S. App. D.C. 442, 461 (2023). But neither the amended complaint, nor Plaintiff's response, alleges any such conduct regarding Ms. Harris.

2. The United States of America is substituted as Defendant in place of Kamala Harris. Until further order of the Court, all future filings shall reflect this party substitution. The Clerk is directed to update the docket accordingly.

3. The Government's motion for leave to file a reply (Doc. 32) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on April 22, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any